UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHALBA L. ADAMS,** | * | CIVIL ACTION NO. |
| *Plaintiff* | * | |
| | * | JUDGE |
| **VERSUS** | * | |
| | * | MAGISTRATE JUDGE |
| **DENIS MCDONOUGH, In His Official Capacity** | * | |
| **As Head of the Department of Veterans Affairs** | * | |
| *Defendant* | * | |
| | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Phalba L. Adams., Plaintiff herein, who respectfully states and avers the following:

### PARTIES

1.

Plaintiff, Phalba L. Adams, (hereinafter "Ms. Adams" or "Plaintiff"), is an African American female of the full age of majority, presently domiciled in St. John the Baptist Parish, State of Louisiana.

2.

Made Defendant herein is Denis McDonough, in his official capacity as head of the Department of Veterans Affairs.

### FACTUAL BACKGROUND

3.

On or about April, 2015, Ms. Adams, began her employment with Defendant as Chief of Pharmacy Services. Ms. Adams performed her job duties admirably, without complaint and

carried out her supervisory responsibilities in strict compliance with Defendant's policies and procedures.

4.

Notwithstanding, Ms. Adams job performance, Defendant, through his agents, supervisors and/or managers began treating Ms. Adams in the following manner:

A. Doubled her workload and job responsibilities;

B. Accusing her of causing workplace conflict;

C. Refused her requests to allow her to collaborate with other colleagues;

D. Forced her to perform the duties and responsibilities of other employees;

E. Ignored all of her requests for assistance;

F. Accused her of engaging in bullying and verbally abusive behavior; and

G. Refused all of her efforts to organize and supervise the employees in her department while holding her responsible for the organization and supervision of personnel within her department.

5.

Because the above listed behavior, Ms. Adams reported her mistreatment to Defendant's EEO representative.

6.

However, instead of Ms. Adams' workplace environment getting better, the workplace environment became worse:

A. Defendant Withheld necessary resources to complete assignments;

B. Defendant Withheld needed equipment and medical devices to improve the safe treatment of patients under her care;

    C.  Defendant Subjected Ms. Adams to several internal investigations; and

    D.  Disqualified her for any pay increases and or job promotions

7.

Significantly, other similarly situated Caucasian employees have not been treated in a similar manner.

8.

Ms. Adams has completed the required EEO process. She received a Final Agency Decision on or about March 4, 2022.

9.

Plaintiff's claims are based upon the Civil Rights Act of 1886, as amended, 42 U.S.C. §1981 (1994), *et. seq.*, and other related federal claims and other claims asserted herein that are founded in the law of the State of Louisiana.

10.

Defendant engaged in actions and practices constituting violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 (1994), *et seq.* including, but not limited to, subjecting Plaintiff to intentional race-based employment discrimination and retaliation.

11.

At all times relevant herein, Defendant was and remains liable for the conduct of his managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the conduct alleged herein occurred in the course and scope of such managers', employees' and/or agents' respective work duties.

12.

Upon information and belief, all of the actions complained of herein were made with malice and/or reckless indifference to Ms. Adams federal and state protected rights.

13.

As an African-American, Plaintiff is a member of a protected class based on her race.

14.

Plaintiff was fully qualified for her job, as demonstrated by the factual allegations set forth herein.

15.

Plaintiff suffered adverse employment actions including being denied earned increases in compensation and job promotions in retaliation for opposing workplace discrimination.

16.

As a result of the unlawful actions described above, Defendant is liable unto Ms. Adams for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages, compensatory damages; prejudgment interest; attorney's fees and all costs of these proceedings.

17.

Plaintiff is entitled to nonpecuniary damages because Defendant intended, through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

18.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Phalba Adams, prays that Defendant be duly cited and required to appear and answer this Complaint and Jury Demand and, after all legal delays and due proceedings had, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Complaint and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

/s/G. Karl Bernard
G. Karl Bernard (#24294)
KARL BERNARD LAW, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
Karlb@karlblaw.com

**Attorney for Plaintiff, Phalba L. Adams**